UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**ORIGINAL**

IN CLERKS OFFICE

UNITED STATES OF AMERICA,

2004 JUN 24 P 12: 59

v.

Case No. 92-10344

U.S. DISTRICT COURT
DISTRICT OF MASS

PETITION PURSUANT TO 18 U.S.C.
§3582(c)(2).

BRUCE GUNN,
        Petitioner,

- - - - - - - - - - - - - - - -

09 - 12632 ADM

PLEASE TAKE NOTICE, that upon the annexed affidavit of
Bruce Gunn, and upon all other papers and proceedings heretofore
had herein, the undersigned will move this Honorable Court, the
United States District Court, for the District of Massachusetts,
in the Courthouse located at

on the 22 day of June, 2004, at 9:30 o'clock in the
forenoon of that day or as soon thereafter as counsel may be
heard for an:

    1) ORDER, pursuant to 18 U.S.C. § 3582(C)(2), modifying
the petitioner's previously imposed sentence of August 25,
1993, (U.S.D.C., Mazzone, J.) (235 months), based upon a
retroactive change in U.S.S.G. §5G1.3 (Application Note n.3,4);
and for an:

    2) ORDER, pursuant to U.S.S.G. §5K2.23, for an adjusted
sentence, taking into account both petitioner's discharged New
Hampshire State conviction (Rockingham, NH)(Ind.#91-S-888); and

**ORIGINAL**

for such other and further relief as this Court may deem just and proper.

Respectfully,

Bruce Gunn
Bruce Gunn
Reg. No. 19381-038
FCI Raybrook
Raybrook, N.Y.
12977

To: AUSA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,  
                      :  
     - v -          :   CRIMINAL CASE No.92-10344  
                      :  
BRUCE GUNN,  
     Petitioner,      :  

- - - - - - - - - - - - -

    Bruce Gunn, pro se, files the present motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, because a clarifying Amendment to U.S.S.G.[1] § 5G1.3, which became effective on May 30, 2003, (imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment), the Court may reduce the petitioner's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a); and § 5K2.23.

PROCEDURAL HISTORY

    On February 28, 1991, the petitioner was arrested by the Massachusetts State Police, following an investigation, and charged with Possession of a Class B Controlled Substance, with Intent to Distribute the same. The course of conduct for this arrest is articulated within the attached portion of petitioner's

---

[1] ("U.S.S.G."), connotates 'United States Sentencing Guidelines. hereafter referred to as "USSG".

Pre-Sentence Investigation Report (hereafter P.S.R.), at ¶ 77.[2]

Relevantly, this arrest was subsequent to a sale of cocaine to an undercover State Trooper, following a "[s]eries of negotiations, both in person and on the telephone, to sell 1½ to 2 kilograms of cocaine to an undercover trooper with the Massachusetts State Police", P.S.R., at ¶ 77. In addition, a search warrant was executed, and a weapon discovered, however, the State of Massachusetts did not charge petitioner with an offense violation.[*] Petitioner was released on bail following processing.

On August 26, 1991, the petitioner was re-arrested in New Hampshire and charged with an offense violation (Sale of a Controlled Drug-Rockingham Superior Court, Ind. No. 91-S-888), which preceded the course of conduct articulated in the P.S.R., at ¶ 77. See P.S.R. at ¶ 76. The petitioner was not granted bail.

Following plea negotiations, on September 1, 1991, petitioner was sentenced in Essex Superior Court (MA), to a one (1) year term of imprisonment, and on June 5, 1992, petitioner was sentenced in Rockingham Superior Court (Ind. No. 91-S-888), to a indeterminate term of imprisonment from 2 to 4 years, concurrent with the previously imposed Massachusetts term. See P.S.R. at ¶¶ 76, 77.

---

[2]
(¶) connotates paragraph numbers in the attached Pre-Sentence Investigation Report, which is annexed and attached only as to the relevant corresponding  paragraph numbers.

[*]
The State of Massachusetts could not have charged petitioner, because it is not a violation of State Law to possess a firearm in a home.

Subsequent Federal Prosecution

As a result of the previously executed search warrant on February 28, 1991, and the discovery of a weapon in petitioner's home, a federal Grand Jury in Massachusetts returned a two count indictment against the petitioner; Count 1 charged a violation of 18 U.S.C. § 922(g)(1), and Count 2 charged a violation of 21 U.S.C. § 846 for conduct intrinsically related to the two prior State offenses.[3]

This Honorable Court conducted a trial from February 1, 1993, through February 4, 1993 (Hon. Mazzone, A., U.S.D.J.) where the petitioner was found guilty on Count 1, yet aquitted on Count 2 (Count 2 charged the petitioner that on or about February 28, 1991, did knowingly and intentionally attempt to distribute a substance ... containing a detectable amount of cocaine). On August 25, 1993, this Court sentenced petitioner to a term of 235 months based in part by petitioner's criminal history category.

---

[3] In early 1991, Massachusetts State Police assigned to the Essex County Narcotic Task Force received information that Mr. Gunn, was distributing cocaine in both northern Massachusetts and southern New Hampshire. The Massachusetts State Police were aware that on December 28, 1990, Mr. Gunn sold an ounce of cocaine to an undercover New Hampshire State Trooper. Mr. Gunn explained that he had access to any quantity that the trooper wanted, that he could provide up to 10 kilograms. The negotiations took place inside a 99 restaraunt in Salem, New Hampshire.

(Continued on proceeding page)

[4] Petitioner was adjudicated as an Armed Career Offender (18 USC § 924(e).

Following sentencing, petitioner appealed, and on September 13, 1994, the First Circuit Court of Appeals affirmed both the judgment of conviction and sentence. See <u>United States</u>, v. <u>Gunn</u>, 34 F.3d 26 (1994). Certiorari was not sought.

On February 10, 2000, and April 13, 2000, respectively, this Court denied, without a hearing, a petition pursuant to 28 U.S.C. § 2255 (<u>Gunn</u> v. <u>Wiley</u>, 99-CV-12262), and a Certificate of Appealability.

---

3

(Continued from preceding page)-Upon receiving information concerning Mr. Gunn, learned that (he) was living in a first floor apartment located at 13 Winthrop Avenue in Beverly, MA.

On February 12, 1991, Massachusetts State Trooper Thomas Coffey, acting in an undercover capacity, went to Mr. Gunn's apartment with a cooperating individual who previously knew Mr. Gunn. Coffey had $24,000 in his possession and was trying to purchase 1 1½ kilograms of cocaine from Mr. Gunn. Gunn informed Coffey that he was the middleman and would try to secure the cocaine.

From February 12, 1991, to February 19, 1991, both Gunn and Coffey engaged in a series of phone conversations concerning the sale of the 1 1½ kilograms, where Gunn wanted Coffey to advance the money for the sale. On February 21, 1991, Coffey and the C.I. went to Gunn's Beverly apartment, in order to purchase an ounce of cocaine. Gun was given $900 and the trio proceeded to Lynn, Mass, where Gunn supplied the agreed upon cocaine. Gunn further offered to sell an additional 8 ounces for $620 per ounce, with Coffey advancing the money. This offer was refused.

On February 25, 1991, the two had further telephone conversations concerning a pound of cocaine, whereas Coffey agreed to advance the money for the sale.

On February 28, 1991, the two met again, where Coffey advanced $4,500 (half the sale price), and Gunn instructed Coffey to wait in another parking lot for receipt of the cocaine. Gunn was stopped leaving the area by Massachusetts State Police on an outstanding warrant relating to his previous February 21, 1991 cocaine sale in Lynn, Mass. No cocaine was found in the vehicle. Coffey's $4,500 advance money was seized, and petitioner arrested

Following a search of Gunn's apartment, a weapon was found but no cocaine was discovered.

## PRESENT PETITION

The petitioner's posture in the instant petition concerns the applicability of a clarification of U.S.S.G. § 5G1.3, specifically n.3, and n.4, which addressed a Circuit Court conflict on whether a sentencing Court may grant "credit" or adjust the instant sentence for time served on a prior undischarged term of imprisonment. Compare, Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002)(federal court may grant such credit), with United States v. Fermin, 252 F.3d 102 (2d Cir. 2001)(court may not grant such credit for time served on an undischarged term covered under subsection (c).

Moreover, the clarifying Amendment provides a new downward departure provision in §5K2.23 (Discharged Terms of Imprisonment), regarding the effect of discharged terms. The provision replaced the departure provision previously set forth in Application Note 7 of §5G1.3.

In this case, petitioner contends that this Court may, upon application of the clarifying May 30, 2003 Amendment to §5G1.3, depart from the previously imposed 235 month term of imprisonment, under both §5K2.23, and §5G1.3, in order to refect petitioner's inter-related State discharged term of 4 years.

B.    RETROACTIVE APPLICABILITY

Petitioner was sentenced prior to the effective date of the new amendment. Mr. Gunn was sentenced on August 25, 1993, and the amendment became effective May 30, 2003. This Court must therefore determine whether or not this amendment is retroactively applicable to Mr. Gunn's case.

In addition to the power of the sentencing commission to promulgate guidelines and the duty to review and revise the guidelines, the commission has the explicit power to decide whether its amendments will be given retroactive effect. 28 U.S.C. §994(u). The commission publishes a list of amendments to be given retroactive effect in Guidelines Section 1B1.10. In this case, the writer of the instant petition is unable to determine whether the commission has included this guideline amendment within 1B1.10, but assuming arguendo that the commission has done so, this Court must give retroactive effect to this amendment.

The First Circuit allows courts to retroactively apply amendments to sentencing guidelines, if they clarify a guideline, but not if they substantively change a guideline. United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996). Even under this analysis, this amendment should be retroactively applied because the amendment was promulgated to resolve a circuit

conflict. Under either analysis, the amendment may be retroactively applied to Gunn's case.


### C. Re-Sentencing the Defendant

#### Inter-Relationship Between State and Federal Offenses

In the instant case, while petitioner was serving a sentence of imprisonment in New Hampshire of from 2 to 4 years, with a concurrent one (1) year term from Essex, Massachusetts, a federal indictment was returned, charging petitioner with being a Felon in Possession of a Firearm (18 U.S.C. §922(g)(1)), and Attempting to Possess and Distribute Cocaine (21 U.S.C. §846).

The Federal offense conduct was intrisically related to the State offense conduct. Relevantly, as detailed in Footnote (3), if not for New Hampshire and Massachusetts State Police's investigation, and subsequent arrest and search of the petitioner's apartment, the instant offense would not have been apparent.

As stated previously, the Federal Offense conduct stemmed from an investigation by both the New Hampshire and Massachusetts Narcotic's Task Force from petitioner's activities from December 28, 1990 through February 28, 1991, involving

both the sale and conspiracy to sell cocaine.

The nexus between Federal and State offense conduct is clearly apparent, and petitioner <u>did argue</u> on his petition pursuant to 28 U.S.C. §2255, that his trial counsel was ineffective for failing to advance the nexus, and the availability of the courts' discretion to impose concurrent sentences.[5]

Since the petitioner was sentenced in 1993, that years Guidelines Edition was followed. <u>United</u> <u>States</u> v. <u>Harotunian</u>, 920 F.2d 1040 (1st Cir. 1990) ("Ordinarily, federal sentencing proceeds according to the guidelines in effect at the time the sentence is pronounced"). The only exception to this rule is if the change in the guidelines between the date of the offense and the date of the disposition threatens the defendant with a harsher penalty, thus violating the <u>ex post facto</u> rule.

The main text of the guideline (§5G1.3), as it read in the 1993 edition contemplated the three (3) different approaches in fashioning an appropriate sentence: For purposes of this petition, we will only discuss subsection(s) (b) and (c):

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the

---

[5] <u>Gunn</u> v. <u>United</u> v. <u>States</u>, No. 99-CV 12262(ADM), This Petition was denied in a summary dismissal Order, as Untimely under AEDPA; as such, no Court has yet reached the merits of petitioner's substantive argument(s), foreclosing <u>res judicata</u>.

for the instant offense, the sentence for the
instant offense shall be imposed to run
concurrently to the undischarged term of
imprisonment.

(c) (Policy Statement) In any other case, the
sentence for the instant offense shall be imposed
to run consecutively to the prior undischarged
term of imprisonment to the extent necessary
to achieve a reasonable incremental punishment
for the instant offense.[6]

Moreover, the pre-1995 version of Note 3 of the commentary
to § 5G1.3 elaborated:

[T]he court shall impose a consecutive sentence
to the extent necessary to fashion a sentence
resulting in a reasonable incremental punishment
for the multiple offenses. In some circumstances,
such incremental punishment can be achieved by
the   imposition of a sentence that is concurrent
with the remainder of the unexpired term of
imprisonment. In such cases, a consecutive sentence
is not required. ...

Notably, the petitioner was originally charged in a two
(2) count indictment, alleging a substantive drug conspiracy
offense (18 U.S.C. § 846), and the substantive weapon(s) offense
(18 U.S.C. § 922(g)(1)), and was acquitted of the former offense.

---

[6]
The italicized or underlined portion(s) will be discussed
infra.

As a result of this acquittal, the terminology "Incremental Punishment" is applicable in this matter. The pre-1995 commentary stated that the sentencing court "should consider a reasonable incremental penalty ... that results in a combined sentence of imprisonment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses for which sentences were being imposed at the same time," § 5G1.3(c) cmt. n.3 (1994)(emphasis added), the post-1995 commentary's silence on this matter suggests that this practice of "hypothetical sentencing" is no longer allowed, but simply that it is not necessarily required or encouraged as it was under the pre-1995 Guidelines.

It is assumed that the Government here will accede that Policy Statement § 5G1.3(c) and the new Application Note 7 are binding on the courts. In Stinson v. United States, 508 U.S. 36, 41-48, 113 S.Ct. 1913, 1917-20, 123 L.Ed.2d 598 (1993), the Supreme Court explained that Guidelines commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, a plainly erroneous reading of that guideline." Stinson, 508 U.S. at 41-48, 113 S.Ct. at 1917-20. See also, United States v. Torres-Echavaria, 129 F.3d 692, 698-99 (2d Cir. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1177, 140 L.Ed.2d 185 (1998).

In addition, the Sentencing Guidelines "hav[e] the force and effect of law, [and] are to be construed as if they were a statute, giving the words used in their common meaning, absent a clearly expressed manifestation of contrary intent." Id. (citing United States v. Turkette, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) (emphasis added). See also Consumer Product Safety Comm'n v. GTE Sylvania Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) ("Absent a clearly expressed legislative intention to the contrary, [statutory] language must be ordinarily be regarded as conclusive.")

Thus, the use of "incremental" in the applicable Footnote to describe the penalty to be imposed evinces an intent to impose a moderate additional penalty and not a fully consecutive sentence. "Incremental penalty", or "Incremental Punishment", when used in the Guidelines, generally means a moderate additional penalty producing a total amount of punishment amounting to less than the aggregation of all available penalties.

The Court, in U.S. v. Maria, 186 F.3d at 72, explained that the "incremental penalties ... produce a total sentence significantly less than what would have resulted if the sentences were calculated for each count separately and then aggregated. See also, U.S. v. Mizrachi, 48 F.3d 651, 654 (2d Cir. 1995);

U.S. v. McCleod, 80 F.3d 860, 867-69 (3d Cir. 1996) (noting that "[t]he introductory commentary to [Chapter 3, Part D] indicates that its aim is to provide 'incremental punishment for significant additional criminal conduct,'" and holding that "the amount of additional punishment is to decline as the number of offenses increases") (quoting U.S.S.G. Ch.3, Pt.D, intro. comment.).

### D. Guideline Provision

(1)Statutory Provision- As stated previously, petitioner was found guilty of count one (1) (18 U.S.C. § 922(g)(1), which is a felon in possession of a Firearm. The penalties, according to the Statute, may be found in 18 U.S.C. § 924(2), which states:

> (2) Whoever knowingly violates subsection (a)(6), (d),(g), ... shall be imprisoned not more than 10 years.

According to petitioner's P.S.R. at page 21, ¶ 115, the Probation Department incorrectly calculated the minimum term of imprisonment according to the Statute as cited above.[7]

(2) Guideline Provision- As stated previously, this Court found petitioner to be a career offender, based upon his assessed criminal history; therefore, based upon a total offense level of 33, and a criminal history category of VI, the guideline

---

[7]
Petitioner is not contesting the erroneous calculation of the Statutory Provision, but cited this error in conjunction with the overall applicability of this Court's discretion to 18 U.S.C. § 3582(c)(2), or 5K2.23.

imprisonment range is 235 months; however, the mandatory minimum provisions apply, pursuant to §5G1.1(c), and since the minimum guideline sentence is set by the statute, it is thus, 180 months. Petitioner's range was therefore 180 to 293 months.

Since the petitioner was acquitted of the conduct in count two (2) (substantive drug offense), the Court, at the time of sentencing, could not have enhanced petitioner for the acquitted conduct. Rather, it appeared, that as a result of petitioner exercising his Constitutional Right to trial by jury, the Court erroneously utilized petitioner's two concurrent State convictions, as a form of enhancement. By the Court's silence in regards to the applicability of subsection (c) of § 5G1.3, the B.O.P. did not credit petitioner with the time spent in the State.[8]

---

[8]

Exhaustion of Remedies- From approximately October 23, 1997, the petitioner has attempted clarification of the Court's silence in regards to whether (he) is entitled to credit from the service of State sentence. On October 23, 1997, petitioner has filed what is classified "B.P.", (Challenging Administrative Decisions), from the facility through Bureau of Prisons in Washington, D.C. (B.P.11); and has filed a petition pursuant to 28 U.S.C. § 2241, which was converted to a 2255, and summarily dismissed as discussed infra. It is therefore contended that petitioner has "exhausted all available remedies" in this endeavor.

Moreover, since petitioner's argument does not center around the Court's silence, or the application of (c) under the pre-1995 Guidelines, and relies strictly on the Amendment to §5G1.3, no exhaustion is thus required.

## E. Alternate Departure

Pursuant to 18 U.S.C. § 3582(c)(2) (Modification of an imposed term of imprisonment)- The court may not modify a term of imprisonment once it has been imposed except that--

> (2) In the case of a defendant who has been
> sentenced to a term of imprisonment based on a
> sentencing range that has been subsequently
> lowered by the Sentencing Commission pursuant
> to 28 U.S.C. § 994(o), upon motion of the
> defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the
> term of imprisonment, after considering the
> factors set forth in section § 3553(a) to the
> extent that they are applicable, if such a
> reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

Here, the Amendment clearly evinces the allowance of a reduction of petitioner's sentence by the applicability of section §5K2.23, which allows the Court to depart upon extra-ordinary circumstances. Though this term is not 'explicitly defined', either in the Amendment itself, or the Policy Statement, seemingly the petitioner's scenario appears to be one in which the Amendment clearly applies. The four (4) years spent in the State system was stacked on the 235 mandatory months, despite the inter-relationship between State and Federal offense conduct.

In sentencing a defendant, the Court's must utilize 18 U.S.C. § 3553 (Imposition of a Sentence). The Court shall consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

Here, the instant offense was non-violent. The Confidential Informant, and Inspector Coffey's investigation was solely in regards to petitioner's cocaine sale(s). The record is berefit of any indication that petitioner carried a weapon on any of the sales for which he was charged. Moreover, the weapon found, was discovered in petitioner's apartment, in a drawer. Though petitioner was adjudicated a career offender by way of his prior convictions, those prior(s) were each non-violent. This factor, upon the determination of this petition, must be viewed as highly favorable in conjunction with subsection (D)'s factor.

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Here, annexed and attached to the instant petition are various Certificate(s) of Successful Completion, throughout the petitioner's incarceration. Starting from 1992, to the present,

are completed course studies, including Work reports, Educational, and Vocational Training, Drug Treatment and all manners of Aggression Replacement therapy. Moreover, annexed and attached to the instant petition, is petitioner's Security Assessment Form, which details the lack of any misbehavior Reports throughout petitioner's incarceration.

Under 5K2.23, this Court may, in the interest(s) of justice, resentence the petitioner utilizing both the Amendment to the Guidelines discussed infra, and pursuant to extraordinary circumstances as evinced within the Amendment.

## CONCLUSION

Wherefore, because of the foregoing facts and circumstances contained within the instant petition, the petitioner prays that this Court issue a Resentencing Order, granting petitioner the 4 years assessed by the State for relevant conduct; pursuant to both 18 U.S.C. 3582(c)(2), and U.S.S.G. 5G1.3(c), and 5K2.23, and for such other and further relief as this Court may deem just and proper.

To: AUSA
    Michael Pelgro
    Office of the U.S. Attorney
    One Courthouse Way
    Boston, MA
    02210

Respectfully,

Bruce Gunn, Pro Se

## ATTACHMENTS

Pre Sentence Report(s), Applicable Paragraphs

Amendment to the Guidelines (Applicable Section(s))

Certificate(s) of Successful Completion

Affidavit of Service

UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Docket No. 92-10344 |
| | ) | Defendant No. 01 |
| Bruce W. Gunn | ) | |

## PRESENTENCE REPORT

<u>Prepared for</u>:  Honorable A. David Mazzone

<u>Prepared by</u> :  Susan Balestrieri Beaudry, U.S. Probation Officer

<u>Sentencing Date</u>:  August 3, 1993    <u>Office Location</u>:  Boston

<u>Offense</u>:    Ct. 1:   Felon in Possession of a Firearm - 18 U.S.C. 922(g)(1)

<u>Date of Arraignment</u>:   12/17/92

<u>Custodial Status</u>:   detained

<u>Identifying Data</u>:

Date of Birth: 5/15/55     Age: 38     Dependents: Two

Citizenship: U.S.          Sex: Male      FBI No.: 34104K11

SSN: 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           Race: White     Other ID No.:

Education: GED             U.S. Marshal No.: 19381-038

Legal Address:  382 Newbury Street, Danvers, MA  01923

<u>Detainers</u>:   None

<u>Codefendants</u>:   None

AUG 2 6 1993
U.S. PROBATION OFFICE
BOSTON, MA

<u>Assistant U.S. Attorney</u>
Michael J. Pelgro
223-9400

<u>Defense Counsel</u>
Stephen Neyman
200 High Street, 3rd fl.
Boston, MA   02110
(617) 261-9600
(Retained)        [X]
Mandatory Minimum

Date report prepared: 7/13/93
Revised:

8/25/93:  235 mos. cag
5 yrs SR - not to purchase or possess firearm or
other dangerous weapon
- submit to random urinalysis testing and/or
treatment as directed by USPO

$50 SA

*5*

Division of Motor Vehicles, found Bruce Gunn to be an habitual offender and prohibited him from driving in New Hampshire.

| | | | | |
|---|---|---|---|---|
| (74) | | | | |
| 1/19/90 | Oper Aft Susp Lic | 3/27/90: Glty, | | |
| (Age 34) | **Newburyport Dst Ct** | $200 fn; 5/7/90: | 4A1.2(c)(1) | |
| | | Pd. | | 0 |

| | | | | |
|---|---|---|---|---|
| (75) | | | | |
| 5/4/90 | Driving While | 6/5/92: 1-2 yrs | | |
| (Age 34) | Certif Habitual Off | commtd concur w/ | 4A1.2(a)(2) | |
| | **Hillsborough Sup Ct** | 91-S-888. | 4A1.1(c)(1) | |
| | **Manchester, NH** | | | 0 |

The defendant was represented by counsel.  The indictment charges that on May 4, 1990, the defendant operated a motor vehicle on Elm Street in Manchester, NH, after having been deemed an habitual offender by the Director of Motor Vehicles on September 27, 1989, and while such order was still in effect.

| | | | |
|---|---|---|---|
| (76) | | | |
| 12/28/90 | Sale of Control | 6/5/92: 2-4 yrs | |
| (Age 35) | Drug | commtd. | |
| | **Rockingham Sup Ct** | | |
| | **Rockingham, NH** | | 4A1.1(a) |
| | **Ind #91-S-888** | | 3 |

The defendant was represented by counsel.  On December 28, 1990, the defendant negotiated with an undercover trooper with the New Hampshire State Police to sell one ounce of cocaine.  The negotiations took place inside a 99 Restaurant in Salem, NH.  The defendant stated that he had access to any quantity of cocaine the trooper might want and that he could get up to ten kilograms of cocaine.  The parties went outside to the parking lot where the defendant sold the trooper one ounce of cocaine for $900.  The cocaine was subsequently analyzed and determined to be 25.69 grams of cocaine.

| | | | |
|---|---|---|---|
| (77) | | | |
| 4/2/91 | Poss Cl B Cont | 9/1/91: Pld Glty, | |
| (Age 35) | Subs w/Int Dist | 1 yr HC commtd, | |
| | **Essex Sup Ct** | concur w/NH sent | 4A1.1(b) |
| | | curr serv. | 2 |

The defendant was represented by appointed counsel.  The defendant was originally charged with the above and with Trafficking in Cocaine.  He pled guilty to the above charge and the prosecution agreed to dismiss the Trafficking charge.

From February 12, 1991, through February 20, 1991, the defendant engaged in negotiations, both in person and over the telephone, to sell 1½ - 2 kilograms of cocaine to an undercover trooper with the

13

Massachusetts State Police.  Pursuant to these discussions, the defendant agreed to a preliminary sale of one ounce of cocaine.  On February 21, 1991, the defendant sold the undercover trooper one ounce of cocaine for $900 in Lynn.  The cocaine was subsequently analyzed and determined to be 24.18 grams of cocaine of 42 percent purity.

| (78) | | | |
|------|---|---|---|
| 8/26/91 | Drive While | 6/5/92: Pld Glty, | 4A1.2(a)(2) |
| (Age 36) | Certif Habitual Off | 1-2 yrs commtd, | 4A1.1(c)(1) |
| | **Grafton Sup Ct** | concur w/91-S-888. | 0 |

The defendant was represented by counsel.  The Indictment charges that on August 26, 1991, the defendant operated a motor vehicle on Bridge Street, Plymouth, NH, after having been deemed an habitual offender by the Director of Motor Vehicles on September 27, 1989, and while such order was still in effect.

14

1992 6 Month drug program at Grafton Co. Jail

1992-1995 Attendence in AA & NA Newhampshire State Prison

1993 Drug program at Newhampshire State Prison

1993 12 Month cooking school Newhampshire State Prison

*1995 Participated in school, received G.E.D. diploma

1995 Worked at general maintenance F.C.I. Ray Brook outstanding work reports.

1996-2001 Worked at Unicor  Industries F.C.I. Ray Brook outstanding work reports

*1997 Set up Horse shoe league F.C.I. Ray Brook

*1998 Took N.F.P.T. (National Federation Of Personal Trainers) course F.C.I. Ray Brook, This was a corespondence course and the final test was proctered and 300 hundred questions. I passed with honors and have gone on to teach this course to other inmates her at Ray Brook. This course is certified from the street and gives the people who pass it an excellent job opertunity upon there release.

*1998-2001 Teaching the N.F.P.T. course F.C.I. Ray Brook

*1998-2001 Teaching study group to inmates who are taking the N.F.P.T. course F.C.I. Ray Brook

*1998 Life skills program F.C.I. Ray Brook (Living Free) This program taught how to use basic values and morals to live a free life.

*1998 Facing freedom (phase two) 10 wks. on how to deal with everyday problems.

*1998 Leave the bars behind program F.C.I. Ray Brook how to stay clean and sober.

*1998 40 hr. Drug program F.C.I. Ray Brook

* Con/vince A program where released inmates go to schools to talk to and answer questions from the students. This program is active in V.T., N.H., and M.A. at the present time. This program was designed and instituted by William Greer and myself. The sole purpose of the program is to reach as many young kids as possible and to tell them the damages going to prison causes not only them but there families and the community.

*1999-2001 Several Presidential Sports Awards F.C.I. Ray Brook

*1999-2001 C.A.S.A.C. (certified alcohol and substance abuse counselor) program this was a 267 hr. program, that is licensed by N.Y. State this course once completed gives you all necessary credentials to be a alcohol and drug counselor. This course was taught by people who came in from the street, I also passed this course with perfect attendance and Honors.

*2000 Agression replacement course F.C.I. Ray Brook dealing with your anger in positive manner.

*2000 Agression replacement (phase two) F.C.I. Ray Brook

*2000 Teaching Agression replacement (phase one & two) F.C.I. Ray Brook

*2000-2001 White bison drug group (still on going) discuss our drug use and how we deal with the daily stress, a support group

*2001 Continue to teach all courses listed above

2001 Have enrolled in University of Arkansas working towards my associates degree in Psychology student I.D.# 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

* Denotes certificate some certificates come from out side sources such as N.F.P.T., C.A.S.A.C. and University of Arkansas

2002-Presant  Personal Trainer at gym at FCI Ray Brook  Show the proper form to prevent injuries

*2003 96 Hour Native American Drug Program Medicine Wheel

2004 103 Months at the Unicor Program currantly working at accounts payable

PAGE 2 OF 2

# The Commonwealth of Massachusetts

## Board of Education

certifies that

## BRUCE W. GUNN

has presented satisfactory evidence to this Department
of having acquired the Equivalent of a High School Education
and in testimony thereof is awarded this

## High School Equivalency Diploma

October 11, 1995

Date of Issuance

State Administrator
High School Equivalency Program





Commissioner of Education

ANY ALTERATIONS VOIDS THIS DIPLOMA

# Personal Fitness Trainer Certification

from the office of the President NFPT Headquarters

*This is to certify that*

**Bruce Gunn**

*has successfully met all requirements of a*

## 1st Class Personal Fitness Trainer

*through the*

# National Federation of Professional Trainers

*Expiration Date* June 1, 2000

NFPT President






# Presidential Sports Award

Presented to

## Bruce W. Gunn

who has, through regular participation in sport, made a commitment to the active life. My congratulations to you on your dedication and determination.



Weight Training
November 7, 1998

President of the United States





# Presidential Sports Award

Presented to

## Bruce Gunn

who has, through regular participation in sport,
made a commitment to the active life. My congratulations to
you on your dedication and determination.

**Sports/Fitness**

**1998**

*Bill Clinton*

President of the United States




# Presidential Sports Award

Presented to

## Bruce Gunn

who has, through regular participation in sport, made a commitment to the active life. My congratulations to you on your dedication and determination.

**Cross Training**
**1998**



President of the United States

# Personal Fitness Trainer Certification

from the office of the President NFPT Headquarters

*This is to certify that*

Bruce Gunn

*has successfully met all requirements of a*

## 1st Class Personal Fitness Trainer

*enough the*

# National Federation of Professional Trainers

Expiration Date

June 1, 1999

NFPT President



# Certificate of Appreciation

*Bruce Gunn*

*Is hereby awarded this*

**Presidential Sports Award**

*for being the recreation tutor for the*

## NATIONAL FEDERATION of PERSONAL TRAINERS COURSE

This certificate is hereby issued this March 1, 2000,

Program Coordinator

S.O.E.

# Certificate of Achievement

This certifies that

BRUCE GUNN

has satisfactorily completed

INSTRUCTING

NATIONAL FEDERATION OF PROFESSIONAL TRAINERS

Consisting of ___40___ Hours of Training

AND INSTRUCTION

This certificate is hereby issued this ___15 th___ day of ___MARCH___, 1999



MARK KIRBY. S.O.R.

KELLY HAIG. REC. SPEC.

# Certificate of Appreciation

For your efforts as Peer Counselor for the 10 Week Program Entitled

## Bruce Gunn

# Aggression Replacement Phase I

This certificate is hereby issued this 23rd day of January 2001

_____
Program Coordinator

# Certificate of Achievement

## Bruce Gunn

has satisfactorily completed

### AGGRESSION
### REPLACEMENT TRAINING
### PHASE 1

Consisting of 20 hours of training

This certificate is hereby issued this 27th day of September, 2000

_____
Program Coordinator

Program Coordinator

_____
Peer Counselor

# Criminon™

"There is no person alive who cannot make a new beginning."

... *The Way To Happiness Book*

*Does hereby certify that*

## Bruce Gunn

*Has satisfactorily attained the requirements necessary and is hereby awarded a Certificate of Completion of*

## The Way to Happiness Course

This ____ 12th ____ day of October. 2000 ____ Certificate # ____ 4967

_Steven Gay_
Criminon Executive Director

# Certificate of Completion

This is to certify that:

Bruce Gunn

Has successfully completed the

Pre-Release Course
"FACING FREEDOM"

Requiring 20 hours of Training

In Witness Thereof the Undersigned

Given this 7th day of December nineteen hundred and 99

GL Scott, C/C

# Certificate of Completion

This is to certify that:

*Bruce Hunn*

Has successfully completed the

*Facing Freedom Class*

Requiring 20 hours of Training

In Witness Thereof the Undersigned

Given this 9th day of September nineteen hundred and 98



# Certificate

## of

## Completion

Let it be known that

### Bruce Gunn

has satisfactorily completed
the Living Free Values Program

September 1, 1998

Decoras Tribal Group Facilitator



# Certificate

## of

## Completion

Let it be known that

### Bruce Gunn

has successfully completed the Choice & Change Drug
Abuse Education Program at the Federal Correctional
Institution, Ray Brook, New York

Ann Liberatori, Ph.D., DAP Coordinator

Deborah Mitchell, Drug Treatment Specialist

September 30, 1998



# Certificate
## of
## Participation

Let it be known that

### Bruce Gunn

has successfully completed 98 hours of participation in the
Native American Medicine Wheel Drug Program.

February 13, 2003

Deborah Mitchell Drug Abuse Treatment Specialist

# Certificate of Completion

*Bruce Gunn*

has successfully completed with Honors 267 hours in

## Alcoholism and Substance Abuse Studies

This certificate is hereby issued this 7th day of September 2001

_____
ASAS Coordinator

_____
Supervisor of Education

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

## for the successful completion of

EMPOWERING CLIENTS THROUGH GROUP WORK

Presented this ___12TH___ day of ___June 2001___

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___6.0___

PRESENTOR: ___Helene D. Mowka, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

## for the successful completion of

COUNSELING CULTURALLY DIVERSE CLIENTS

Presented this _____ 7TH _____ Day of _____ June 2001

Karl Kaiza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 6.0 _____

PRESENTOR: _____ Muna Ezumah, CASAC, NCAC I

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

## for the successful completion of

FETAL ALCOHOL SYNDROME

Presented this ____ 29TH ____ day of ____ May 2001

CLOCK HOURS: ____

3.0

Kai Kabza
EXECUTIVE DIRECTOR
Kai Kabza, MAC, CASAC

PRESENTOR: ____

David Munn, CSW

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0165

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

## for the successful completion of

ANGER MANAGEMENT SKILLS

Presented this _____ 22nd _____ day of _____ May 2001 _____

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ Helene D. Mowka, CASAC _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

for the successful completion of

TREATMENT MODALITIES FOR CHEMICAL DEPENDENCY

Presented this ___ 9/8 & 3rd ___ day of ___October 2000___

EXECUTIVE DIRECTOR

Karl Kabza, CASAC, MAC

CLOCK HOURS: ___6.0___          PRESENTOR: ___Sally Walrath, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES – INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

GRIEF WORK AND ADDICTIONS

Presented this _____ 17ᵗʰ _____ day of _____ May 2001 _____

K. G. Kabza
EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: _____ 6.0 _____

PRESENTOR: _____ Tracey Ann Golas, M.S. Counseling

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

THEORIES OF CO-DEPENDENCY

Presented this _____ 10th _____ day of _____ May 2001 _____

_____
EXECUTIVE DIRECTOR,
Karl Kabza, M.A.C., C.A.S.A.C.

CLOCK HOURS: _____

12.0

PRESENTOR: _____ Shelley Whiteman, Voc/Ed Counselor

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0196

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

INTENSIVE CASE MANAGEMENT IN SUBSTANCE ABUSE COUNSELING

Presented this ____ 24ᵗʰ ____ day of ____ April 2001 ____

EXECUTIVE DIRECTOR
Karl Kabza, MAC, CASAC

CLOCK HOURS: ____ 3.0 ____

PRESENTOR: ____ Mina Ezumah, CASAC, NCAC I ____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

## for the successful completion of

PHYSIOLOGICAL AND PSYCHOLOGICAL EFFECTS OF COCAINE

Presented this ___ 19ᵗʰ ___ day of ___ April 2001 ___

Karl Kabza, MRC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___ 3.0 ___

PRESENTOR: Helene D. Mowka, CASAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER, NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

## for the successful completion of

FEDERAL LAW AND CONFIDENTIALITY REGULATIONS IN THE CHEMICAL DEPENDENCY TREATMENT SETTING

Presented this ____ 17th ____ day of ____ April 2001

EXECUTIVE DIRECTOR
Karl Kabza MAC, CASAC

CLOCK HOURS: ____ 3.0

PRESENTOR: ____ David Munn, CSW

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

PHYSIOLOGICAL AND PSYCHOLOGICAL EFFECTS OF CANNABIS

Presented this _____ 12th _____ Day of _____ April 2001 _____

Karl Kabza, M.A.C, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____        PRESENTOR: _____ Helene D. Mowka, CASAC _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

SPIRITUALITY AND RECOVERY

Presented this _____ 10th _____ Day of _____ April 2001 _____

Karl Kabza, MAC, CASAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____

PRESENTOR _____ Rev. Dan Callahan, SA, MHA _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERV 2E PROVIDER NUMBER 0196.

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

PHYSIOLOGICAL AND PSYCHOLOGICAL EFFECTS OF HEROIN

Presented this _____ 4th _____ day of _____ April 2001 _____

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ Helene D. Mowka, CASAC _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — 4NSERVICE PROVIDER NUMBER 0105

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

UTILIZING THE DSM IV IN DIAGNOSING
ALCOHOLISM/CHEMICAL DEPENDENCY

Presented this ___ 2nd ___ day of __April 2001__

_Karl Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ David Munn, CSW

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0165

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 10 - 12

Presented this ___3rd___ day of __April 2001__

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___3.0___

PRESENTOR: ___Gerald Ransom___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 7 - 9

Presented this ___29th___ day of ___March 2001___

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

CLOCK HOURS: ___3.0___

PRESENTOR: ___Gerald Ranson___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

CUE EXTINCTION AND RELAPSE PREVENTION

Presented this __27th & 28th__ day of __March 2001__

CLOCK HOURS: __6.0__

PRESENTOR: __David Munn, CSW__

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

*THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

ADOLESCENT SUBSTANCE ABUSE

Presented this __8th & 14th__ day of __March 2001__

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

CLOCK HOURS: __6.0__

PRESENTOR: __Muna Ezuniah, CASAC__

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

## for the successful completion of

### OVERVIEW OF RELAPSE PREVENTION

Presented this 13, 15, 21, & 22nd day of March 2001

_Karl Kabza_

Karl Kabza, CASAC, M.sC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____12.0_____

OASAS Approved: TTI

PRESENTOR: ____David Bowen, CSW, CASAC____

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

## for the successful completion of

### THE NATIVE AMERICAN, ALCOHOLISM AND SPIRITUALITY .

Presented this _____ 1ˢᵗ _____ day of _____ March 2001 _____

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ Gerald Ransom, CIT

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

ALCOHOLISM/CHEMICAL DEPENDENCY AS A PROGRESSIVE DISEASE

Presented this __1/30 & 2nd__ day of __February 2001__

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

CLOCK HOURS: __4.0__

PRESENTOR: __David Munn, CSW__

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — IN-SERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

for the successful completion of

### FEELINGS AND EMOTIONS AND
### THE ALCOHOL/CHEMICALLY DEPENDENT CLIENT

Presented this _____ 27th _____ Day of _____ February 2001 _____

_____
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ Anita Moore, RN, CASAC _____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

**BRUCE GUNN**

for the successful completion of

### WOMEN AND ADDICTION

Presented this _6, 8, 13, & 15th_ day of _February 2001_

_K. L. Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: _12.0_
OASAS Approved: TTT

PRESENTER: _Suzanne Goolden, CIRS, CASAC_

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

#### for the successful completion of

**PREPARING RECOVERING ALCOHOLICS AND SUBSTANCE ABUSERS IN TREATMENT FOR EMPLOYMENT: PRACTICAL APPLICATIONS**

Presented this 23, & 25th 16, 18, Day of January 2001

EXECUTIVE DIRECTOR:
Karl Kabza, CASAC, MAC

PRESENTOR: Shelley J. Whiteman, Voc/Ed Counselor

CLOCK HOURS: 12.0
OASAS Approved: TIT

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 4 - 6

Presented this _____ 9th _____ Day of _January 2001_

EXECUTIVE DIRECTOR

Karl Kabza, CASAC, MAC

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _____ Bryan Amell, CIT

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0-95

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

PAT AND BEHAVIORAL THERAPY

Presented this ___2nd___ day of ___January 2001___

_K. A. Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: ___3.0___        PRESENTOR: ___Suzanne Goolden, CTRS, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — IN-SERVICE PROVIDER NUMBER 0185.

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

CLIENT COUNSELOR RELATIONSHIP

Presented this ___1, 3, 8, & 10th___ day of ___August 2000___

CLOCK HOURS: ___12.0___

PRESENTOR: Dave Munn CSW

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0199

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

**BRUCE GUNN**

### for the successful completion of

ASSESSMENT & DIAGNOSIS OF
THE DISEASE OF ALCOHOLISM AND CHEMICAL DEPENDENCY

Presented this ___22, 24,___ Day of ___August 2000___
___& 29th___

CLOCK HOURS: ___9.0___

_Karl Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

PRESENTOR: ___Helene D. Mowka, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES -- INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

ALCOHOLICS ANONYMOUS STEPS 1 - 3

Presented this ____ 31st ____ day of August 2000

_____
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: ____ 3.0 ____

PRESENTOR: Bryan Amell, CIT

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0185

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

THE DISEASE OF ALCOHOLISM/CHEMICAL DEPENDENCY

Presented this _15 & 17th_ Day of _August 2000_

_K. L. Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: _6.0_

PRESENTOR: _Helene D. Mowka, CASAC_

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

**BRUCE GUNN**

### for the successful completion of

HIV AND SEXUALLY TRANSMITTED DISEASES (STD)

Presented this _____ 26th _____ day of _ September 2000 _

_K. J. Kabza_
EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: _____ 3.0 _____

PRESENTOR: _ Anita Moore, RN, CASAC _

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

SELF ESTEEM AND THE ALCOHOL/CHEMICALLY DEPENDENT CLIENT

Presented this _19th & 21st_ Day of _September 2000_

CLOCK HOURS: _6.0_

PRESENTOR: _Suzanne Goolden, CTRS, CASAC_

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

for the successful completion of

**PUBLIC FUNDING AND ITS IMPACT ON
THE CHEMICALLY DEPENDENT POPULATION**

Presented this _____14th_____ Day of September 2000

CLOCK HOURS: _____3.0_____

Karl Kabza, CASAC, MAC
EXECUTIVE DIRECTOR

PRESENTOR: _____Shelley J. Whiteman, Voc/Ed Counselor_____

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0195

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

for the successful completion of

TRANSITION FROM TREATMENT TO WORK

Presented this ___12th___ day of ___September 2000___

K. A. Kabza

EXECUTIVE DIRECTOR

Karl Kabza, CASAC, MAC

CLOCK HOURS: ___3.0___

PRESENTOR ___Shelley J. Whiteman, Voc/Ed Counselor___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — INSERVICE PROVIDER NUMBER 0125

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

BRUCE GUNN

### for the successful completion of

TREATMENT PLANNING FOR THE ALCOHOL/CHEMICALLY DEPENDENT

Presented this ___ 5 & 7th ___ day of __September 2000__

CLOCK HOURS: _____ 6.0 _____

PRESENTOR: ___ Helene D. Mowka, CASAC ___

*K. J. Kabza*

EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES — "INSERVICE PROVIDER NUMBER 0165

# St. Joseph's Rehabilitation Center, Inc.

## This Certificate is Awarded to

### BRUCE GUNN

### for the successful completion of

### DOMESTIC VIOLENCE AND THE ALCOHOL CONNECTION

Presented this ___28th___ day of December 2000

EXECUTIVE DIRECTOR
Karl Kabza, CASAC, MAC

CLOCK HOURS: _____3.0_____

PRESENTOR: ___David C. Bowen, CSW, CASAC___

THIS TRAINING IS PROVIDED UNDER THE NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE
ABUSE SERVICES -- INSERVICE PROVIDER NUMBER 0195



# Certificate
## of
## Participation

Let it be known that

### Bruce Gunn

has successfully completed 98 hours of participation in the
Native American Medicine Wheel Drug Program.

Deborah Hildreth, Drug Abuse Treatment Specialist

February 13, 2003