UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE GUNN,                    )
        Petitioner,    )
                       )
                       )
   vs.                         )     Civil Action No. 04-11478-RGS
                       )
UNITED STATES OF AMERICA,      )
        Respondent     )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Now comes the United States of America through its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby files its opposition to the petitioner's Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). As explained more fully below, the United States contends that the petitioner has misconstrued 18 U.S.C. § 3582(c)(2) and that the statute is inapplicable to the petitioner's situation. The United States further contends that the petitioner's motion should not be construed as a motion pursuant to 28 U.S.C. § 2255. If this Court considers the petitioner's motion as such, the motion should be dismissed as a second or successive motion, because the petitioner has failed to meet the requirements of the statute and obtain a certification of his motion from the Court of Appeals. Lastly, the petitioner's motion should not be treated as a motion under 28 U.S.C. § 2241 because the petitioner has failed to exhaust his

remedies under 28 U.S.C. § 2255.

**ARGUMENT**

The petitioner asks this Court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his adjudged sentence and rests his motion primarily upon an amendment to the United States Sentencing Guidelines (hereinafter "U.S.S.G.") which became effective approximately ten years after the petitioner's sentence was imposed.

On February 4, 1993, the petitioner was found guilty after a jury trial of violating 18 U.S.C. § 922(g)(1). The Court adjudged the petitioner an armed career offender, and, on August 25, 1993, sentenced petitioner to a term of imprisonment of 235 months. On November 1, 2003, more than ten years after petitioner's sentence was imposed, Amendment 660 to the U.S.S.G. became effective.

Amendment 660 pertained to U.S.S.G. § 5G1.3 and added an entirely new guideline provision identified as § 5K2.23. Essentially, the amendment settled a conflict among Circuits as to whether a sentencing Court may grant "credit" or adjust a sentence for time served on a prior undischarged term of confinement. Amendment 660 makes clear that a sentencing court "may not adjust or give 'credit' for time served on an undischarged term of imprisonment." See Guidelines Manual Appendix C, Volume II, p. 411. Amendment 660 also adds a "new"

downward departure provision identified as § 5K2.23.[1]

The petitioner argues that if that the above-described changes were retroactively applicable to his case, the Court could reduce his previously imposed sentence of 235 months imprisonment.  The petitioner states in his motion that he is unable to determine whether the guideline amendment is retroactive.

U.S.S.G. § 1B1.10(a) expressly states "[w]here a defendant is serving a term of imprisonment, and the Guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. s 3582(c)(2)."  In order to emphasize that a defendant's sentence may only be reduced if the amendment reducing the applicable guideline range is listed in subsection (c), § 1B1.10(a) further states "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."

U.S.S.G. § 1B1.10(c) lists those guideline amendments that

---

[1] The petitioner's motion states that the amendment became effective on May 30, 2003.  The actual changes to which the defendant's motion refers were accomplished in Amendment 660, which became effective on November 1, 2003.  See United States Sentencing Commission Guidelines Manual, Appendix C, Volume II [Amendments to the Guidelines Manual November 1, 1998, through November 5, 2003], p. 404-411.]

may be retroactively applied to a sentenced defendant. Amendment 660 is not listed in § 1B1.10(c). As a result, "a reduction in the [petitioner's] term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."

The petitioner argues in the alternative that because the amendment clarifies a guideline provision, rather than substantively changing a guideline provision, the First Circuit allows Courts to retroactively apply it to sentenced defendants. The petitioner argues that the amendment in question (660) was promulgated to resolve a circuit conflict.

In United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996), the First Circuit noted that "[t]here is a solid line of cases in this Circuit holding that Guideline amendments are applied retroactively if they clarify a Guideline but are not so applied if they substantively change a Guideline." *Citations omitted.* In Sanchez, the First Circuit appeared to look to U.S.S.G. § 1B1.10(c) for guidance of the retroactivity of a Guideline amendment.

The "new" downward departure provision in § 5K2.23 created by Amendment 660 clearly is a change to the Guidelines. As such, even under Sanchez it is not to be applied retroactively. While the portion of Amendment 660 that "addresses a circuit conflict whether the sentencing court may grant "credit" or adjust the instant sentence for time served on a prior undischarged term"

[See Guidelines Manual, Appendix C, Volume II, p. 411] may address a conflict within the Circuits, it should not be applied retroactively to the petitioner. Amendment 660 is not included in § 1B1.10(c) and thus the Guideline Commission never intended it to be applied retroactively. Moreover, the change has no practical effect on the petitioner's sentence. The amendment makes clear that a sentencing Court may not adjust or give "credit" for time served on an undischarged term of imprisonment. The petitioner's sentencing Court did not give him such credit. Therefore, the sentencing Court properly followed the law and there is no need to re-sentence the petitioner.

28 U.S.C. § 2255

Even if the Court construes the petitioner's motion as a motion pursuant to 28 U.S.C. § 2255, the petitioner would not be entitled to the remedy he seeks because the statute of limitations for the filing a § 2255 motion has run and this would represent a second or successive such motion. Second or successive § 2255 motions may be filed only after the motion has been certified by a panel of the Court of Appeals.

A defendant in Federal custody ordinarily must file a motion for his release pursuant to 28 U.S.C. § 2254 within one-year from the date on which the judgment of conviction becomes final. The period of time in which to file a § 2254 motion is enlarged in certain circumstances. A defendant may file a § 2255 motion within one year of the removal of a government impediment to

filing such a motion, if the government impediment kept the defendant from filing the motion previously. See 28 U.S.C. 2254, paragraph 6(2). A defendant may also file a § 2255 motion within one year of the Supreme Court newly recognizing a right which it made "retroactively applicable to cases on collateral review." See 28 U.S.C. § 2255, paragraph 6(3). Lastly, a defendant may file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2255, paragraph 6(4).

The Court of Appeals affirmed the petitioner's conviction on September 13, 1994. The petitioner had one year from the date on which the judgment of his conviction became final to file a motion under 28 U.S.C. § 2255. The petitioner's instant motion was not filed within the one-year period required by § 2255. None of the circumstances that extend the filing period apply to the petitioner. The United States never impeded the petitioner's ability to file a motion; the petitioner's claim is not predicated on newly-discovered facts; and the Supreme Court's <u>has not</u> articulated or recognized a new right.

If the Court finds that the petitioner's motion is not time barred, it should dismiss the petitioner's motion because it is a second or successive § 2255 motion filed without having been

certified by a panel of the Court of Appeals.[2]  In order to file a second or successive § 2255 motion, a petitioner must first have a panel of the Court of Appeals certify that the motion contains "newly discovered evidence... sufficient to establish... that no reasonable factfinder would have found movant guilty... [or] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  See 28 U.S.C. § 2255, paragraph 8 (1) & (2).  The petitioner does not allege the discovery of new factual information and it is well-settled that Booker and Fanfan are not to be applied retroactively.  See Cirrilo-Munoz v. United States, 2005 WL 858324 (1st Cir.(Puerto Rico)).

28 U.S.C. § 2241

In its Order, the Court instructed the United States to comment on whether the petitioner's motion should be construed as "a motion under §2241 because §2255 is an inadequate remedy."  The United States contends that the petitioner's motion should not be construed as a § 2241 motion and that § 2255 in not an inadequate remedy.  The fact that the petitioner fails to meet the reasonable requirements of § 2255 does not render the § 2255 inadequate as a matter of law.  Additionally, the petitioner has failed to properly utilize § 2255.  The petitioner has not sought certification of his motion from a panel of the Court of Appeals.

---

[2] The petitioner filed a § 2255 motion on November 1, 1999. The Court (Mazzone, J.)denied the motion on February 10, 2000. See docket entries nos. 1 & 2.

If the Court of Appeals certified the petitioner's motion, he would be able to argue the merits of his position through the § 2255 motion. Additionally, the Court should not grant any relief to the petitioner because he has failed to state any valid ground on which he could be released from imprisonment.

## Conclusion

The United States respectfully asks this Honorable Court to deny the petitioner's motion for the reasons stated above.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                         By:  */s/ David G. Tobin*
                              DAVID G. TOBIN
                              Assistant U.S. Attorney

Dated:  May 9, 2005

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Bruce Gunn (pro se)
        FCI Raybrook
        Raybrook, NY  12977

This 9th day of May, 2005.

                                        */s/ David G. Tobin*
                                        DAVID G. TOBIN
                                        Assistant U.S. Attorney