UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE GUNN,
    Petitioner,
                                        Civil No. 04-11478-RGS
v.

UNITED STATES OF AMERICA,
    Respondent,

PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION
TO A MOTION TO REDUCE A SENTENCE, PURSUANT TO
18 U.S.C. § 3582(c)(2).

Comes Now, Bruce Gunn, the petitioner in the matter stated above, submits this Reply to the Government's Opposition to a motion filed pursuant to 18 U.S.C. § 3582(c)(2), to reduce the imposed sentence on August 25, 1993, based on a retroactive change in the United States Sentencing Guidelines ("USSG"); specifically, both Amendment 660, and USSG § 5K2.23.

### ARGUMENT

The petitioner was convicted, following a jury trial in February, 1993, (Honorable Mazzone, A.) of violating 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Convicted Felon). The jury acquitted on Count II, which charged the petitioner with violating 21 U.S.C. § 841(a)(1). The government had filed a recidivist "information" pursuant to 18 U.S.C. § 851, which alleged that the petitioner was an "Armed Career Offender" ("ACCA"); and on August 25, 1993, the district court imposed a term of 235 months as to Count I of the indictment.

Count I of the Federal indictment, which charged 18 U.S.C. § 922(g)(1), was intrisically related to a previously imposed Massachusetts State judgment, entered on June 5, 1992, by the Rockingham Superior Court (Ind. No. 91 S 888), in which the petitioner was sentenced to a term of from 2 to 4 years, to be run concurrent with a judgment entered on September 1, 1991, within the Essex Superior Court. It is the petitioner's posture that based on the new clarifying Amendment to the Guidelines, that this Court has the authority to reduce the petitioner's term of imprisonment to reflect the "related" discharged term imposed by the Rockingham Superior Court.\*/

A. Related Offenses

On February 28, 1991, the petitioner was arrested by the Massachusetts State Police, following an investigation, and charged with Possession of a Class B Controlled Substance, and Intent to Distribute the same.

The arrest was incident to a sale of cocaine to an undercover State Trooper, following a series of negotiations, both in person and by telephone, to sell ½ to 2 Kilograms of cocaine. As a result of the sale of cocaine, a search warrant of the petitioner's home was executed, and a weapon recovered; however, the Commonwealth did not charge the petitioner with illegal possession of a firearm. The petitioner was released on bail pending disposition.

---

\*/ The petitioner served 4 years on the State imposed term of imprisonment, and on June 20, 1995, the Federal Marshal's took custody of the petitioner to begin serving his 235 month federal term; which in all actuality was 283 months as the Federal term was imposed consecutive to the State term.

Meanwhile, after being released, the petitioner was re arrested in New Hampshire and charged with an offense violation (Sale of a Controlled Drug, Rockingham Superior Court), which actually preceded the course of conduct of February 28, 1991. The petitioner was not granted bail.

On September 1, 1991, following plea negotiations, the petitioner was sentenced in the Essex Superior Court (Massachusetts) to a term of 1 year of imprisonment. On June 5, 1992, the petitioner was sentenced in Rockingham Superior Court (New Hampshire), again following plea negotiations, to an indeterminate term of from 2 to 4 years, concurrent with the Massachusetts sentence.

B. Federal Prosecution

A sitting federal grand jury for the district of Massachusetts, issued an indictment charging the petitioner in a 2-Count Indictment; to wit, Count I, charged the petitioner with Possession of a Firearm[1] by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), and in Count II, with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1).

The Honorable Mazzone, United States District Judge, conducted a trial from February 1, 1993, through February 4, 1993; in which the jury found the petitioner guilty of Count I, but acquitted as to Count II. Based on a previously filed "Information", charging that the petitioner was considered to be an Armed Career Offender pursuant to 18 U.S.C. § 922(e); after a protracted

---

1/ The weapon which was charged under this Federal Indictment, was the same weapon that was discovered pursuant to the February 28, 1991 search warrant in Massachusetts, and for which the Common Wealth did not prosecute.

sentencing hearing, in which the Court determined that the petitioner met the provisions of ACCA, and accordingly sentenced him to a term of 235 months of imprisonment.

The petitioner's appeals' were affirmed, and are not discussed infra, as they are not relevant to the instant proceeding; however, the petitioner did previously file a motion to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255, which was denied, and a Certificate of Appealability was denied. Gunn v. Wiley, 99-CV-12262 (1999).

C. Instant Petition Pursuant to 18 U.S.C. § 3582(c)(2)

The instant petition is made pursuant to 18 U.S.C. § 3582(c)(2), which requests that the district court either: (1) reduce the instant term of imprisonment to reflect the time spent in prison from the imposition of the Rockingham Superior Court's Judgment entered on June 5, 1992, based on the "relatedness" of the offense conduct; or (2) modify the petitioner's instant sentence pursuant to U.S.S.G. § 5K2.23 (downward departure for a Discharged Term of Imprisonment). Either adjustment may be made, pursuant to the "clarifying Amendment" of November 3, 2003 to the Sentencing Guidelines, which is discussed.

D. "Clarifying Amendment to USSG § 5G1.3

On November 3, 2003, the United States Sentencing Commission issued a Guideline Amendment, (Amendment 660), in order to "clarify" a Circuit conflict as to a sentencing court's authority to grant a defendant "time credit" for related offense

4

conduct.

There are two provisions of this Amendment, both of which "clarify" U.S.S.G. § 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment). Section 5G1.3(b) is amended to read as follows:

"(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

"(1) The Court shall adjust the sentence for any period already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the un discharged term of imprisonment."

---

2/    Prior to amendment section 5G1.3(b) read: "(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offens(es) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment."

The second portion of the Amendment, concerns a new provision of U.S.S.G. § 5G1.3, under the Commentary. Specifically, the Sentencing Commission also created subsection (4) Downward Departure Provision, which reads:

> "In the case of an undischarged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment, and (B) subsection (b) would have provided an adjustment had that term of imprisonment been undischarged at the time of sentencing for the instant offense. See § 5K2.23 (Discharged Terms of Imprisonment).

§ 5K2.23 (Discharged Terms of Imprisonment)

The second part of the Amendment created a new provision under § 5K2, and this provision (§ 5K2.23), concerns the district court's authority to adjust a federal sentence, for a related prior sentence. Specifically, this provision states:

> A sentence below the applicable guideline range may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

E. The Government's Position that the Amendment is not Retroactive is Erroneous.

The government's position that the "Amendment" is <u>not</u> retroactive because it "substantively" changes the Guidelines relating to the imposition of a sentence, is specious for the following reasons. The <u>Historical Notes</u> under either § 5G1.3, or § 5K2.23 states:

<u>Reason for Amendment</u>. "This Amendment addresses a number of issues in § 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment).

<u>First</u>, this amendment <u>clarifies</u> the rule for application of subsection (b) (mandating a concurrent term of imprisonment) with respect to a prior term of imprisonment by stating that subsection (b) shall apply only to prior offenses that are relevant conduct to the instant offense of conviction and that resulted in an increase in the offense level for the instant offense. By <u>clarifying</u> the application of subsection (b), this amendment addresses conflicting litigation regarding the meaning of "fully taken into account." Compare, e.g., <u>United States</u> v. <u>Garcia-Hernandez</u>, 237 F.3d 105, 109 (2d Cir. 2000) (determining that a prior offense is "fully taken into account" if and only if the guidelines provide for sentencing as if both the offense of conviction and the separate offense has been presented in a single proceeding), with <u>United States</u> v. <u>Fuentes</u>, 107 F.3d 1515 (11th Cir. 1997) (finding that a prior offense has been "fully taken

7

into account" when the prior offense is part of the same course of conduct, common scheme or plan).

Second, this Amendment, section § 5K2.23, addresses a circuit conflict regarding whether the sentencing court may grant "credit" or adjust the instant sentence for time served on a prior undischarged term covered under subsection (c). Compare, Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002) (federal sentencing court may grant such credit), with United States v. Fermin, 252 F.3d 102 (2d Cir. 2001) (court may not adjust or grant credit for time served on an undischarged term of imprisonment covered under subsection (c). However, the amendment adds commentary to § 5G1.3 to provide that courts may consider a downward departure in an extraordinary case, in order to achieve a reasonable punishment for the instant offense.

F. "Clarifying" Vis A Vis, "Substantive" Amendment

This Circuit allows courts to retroactively apply amendments to sentencing guidelines, if they clarify a Guideline, but not if it substantively changes it. United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996). A clarifying amendment, according to Webster's Collegiate Dictionary, 2004 ed. "to make or become clear, or more easily understood"; while the term substantive means, "having independent existence."

While arguably, the new "downward departure provision" of § 5K2.23, may be subtantive, in the sense that this provision of § 5K2.0 was not in existence at the time of the petitioner's federal sentencing, a mere reading of the "Reason's For this Amendment"

8

clears up this issue; "First, this amendment clarifies the rule for application of subsection (b) (mandating a concurrent term of imprisonment by stating that subsection (b) shall apply only to prior convictions that resulted in an increase in the offense level for the instant offense; and by clarifying the application of subsection (b), this amendment addresses conflicting litigation regarding the meaning of 'fully taken into account.' Compare U.S. v. Garcia-Hernandez, 237 F.3d 105 (2d Cir 2000), with United States v. Fuentes, 107 F.3d 1515 (11th Cir. 1997)"

The Commentary to the United Sentencing Guidelines is mandatory and authoritative. Stinson v. United States, 113 S.Ct. 1913, 508 U.S. 36, 123 L.Ed.2d 598 (1993); United States v. Piper, 35 F.3d 611 (1st Cir. 1994); United States v. Johnson, 37 F.3d 1352 (9th Cir. 1994); notwithstanding the recent Supreme Court decision in United States v. Booker/FanFan, 543 U.S. ___ (2005), deleting and excising the portions of the statute to make the Guidelines' mandatory; the argument in this case, concerns whether this Court may apply this Amendment retroactively as to the petitioner.

The government obviously claims that this Amendment, which they label 'Amendment 660' is "a change to the Guidelines," as such, it is not to be applied retroactively; however this reasoning is flawed in numerous ways: First, the Amendment in question, which became effective on November 3, 2003 is not 'Amendment 660', according to this writers' knowledge. The last Amendment listed under § 1B1.10, is 606, which became effective on August 16, 200 , and which concerns the applicability of a weapon'

enhancement in relation to a substantive offense.

Specifically, on November 1, 2002, U.S.S.G. § 2K2.4 was amended to reflect a clarification of the imposition of a weapons' enhancement in conjunction with a sentence for an underlying offense. This amendment, listed under U.S.S.G. § 1B1.10, as <u>606</u>, became effective 1 year prior to the November 1, 2003. As such, this amendment is not <u>Amendment 660</u>, in contrast to the government's assertion.

Second, based on the Sentencing Commission's wording within the "Application Notes", which the Supreme Court stated clearly, is "authoritative and mandatory", which specifically states that the amendment was drafted to clarify the circuit conflict as to the district court's discretion in awarding "time credit" in a situation similar to the facts of this case. As such, based on <u>Stinson</u>, supra, this Amendment is clearly retroactive.

C. The Practical Effect of this Amendment as to the Petitioner

The government erroneously asserts that the application of this Amendment has no "practical effect" on the petitioner's sentence (Opposition at pg.5); however, this argument is incorrect

The petitioner asserts that should this Court determine that the Amendment in question applies retroactively, based on the

---

3/ The writer of the original petition, and this Reply is unable to ascertain, at the time of this Reply, the Amendment's numerical number. The facilities law library does not even have a 2004 United States Sentencing Guidelines Book. This writer bases the petitioner's position upon information, belief, and the most relevant supplements which <u>are</u> available to him. Pursuant to <u>Haines</u> v. <u>Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), it is respectfully requested that this Court hold the petitioner to less stringent standards as those of an attorney.

10

facts of this case, he would be entitled to an adjustment of approximately 4 years of imprisonment; the time he spent within within the custody of New Hampshire, from August 26, 1991, under Indictment No. 91-S-888, through June 20, 1995 (Federal Term Commences)

A saving's of approximately 4 years is certainly a "practical effect" on the petitioner's overall sentence.

The government also asserts that, at the time of the petitioner's federal sentencing, the district court, "properly followed the law and there is no need to re-sentence the petitioner (Opposition at pg. 5); however, at no point in the original petition, was the allegation made that the court "improperly sentenced the petitioner". The purpose and intent of the motion concerned the application of the Amendment; and the petitioner specifically requested that the Court, in it's discretion, re-sentence the petitioner, in order to reflect the time spent in State custody for the related offense conduct.

## 28 U.S.C. § 2255

Next, the government asserts that, "should this court construe the petitioner's motion as a motion pursuant to 28 U.S.C. .§ 2255, the petitioner would not be entitled to the remedy he seeks because the statute of limitations for the filing of § 2255 motion has run and this would represent a second or successive such motion." (Opposition at pg.6). This argument is completely contrary to the Supreme Court's decision in Castro v. United States, 124 S.Ct. 786 (2003), which established significant

11

limitations upon a "long-standing practice" of the federal courts in "recharacterizing a pleading filed by a pro se inmate. As such, this hypothetical scenario is certainly frivolous, and a longer discussion is not deemed necessary. The petitioner filed his motion under 18 U.S.C. § 3582(c)(2), and this is the provision that the Court must adjudicate upon.

### 28 U.S.C. § 2241

The district court, in it's Order to the government, instructed them to comment on whether the petitioner's motion should be construed as "a motion under § 2241 because § 2255 is an inadequate remedy" (Opposition at 7). It is asserted that based on the foregoing, this court may also adjudicate under 28 U.S.C. § 2241 "saving's clause".

28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. Warren v. Miles, 230 F.3d 688 (5th Cir. 2001). 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. See Cox v. Warden Fed.Det. Ctr., 911 F.2d 1113 (5th Cir. 1990); Chambers v. United States, 106 F.3d 472 (2d Cir. 1988). Relief under § 2255 is warranted for any error that occured at or prior to sentencing. United States v. Flores, 616 F.2d 840 (5th Cir. 1980).

The issue however, that this court must determine, is whether § 2255 is "inadequate or ineffectual" as a means of to challenging the validity of his sentencing. The First Circuit has offered no clear standard as to when this prerequisite is

satisfied, except to say that a § 2255 is not "inadequate" merely because a prisoner's petition is procedurally barred under that statute.

Given this Circuit's silence on the matter, this Court must look to decisions of other Circuits for guidance in determining what circumstances render § 2255 inadequate or ineffective. Calvache v. Benov, 185 F.Supp.2d 124 (D.Mass. 2001) A number of circuits have developed precise guidelines as to when the "saving's clause" of § 2255 applies; although these guidelines vary greatly, some permit § 2241 challenges to validity under the saving's clause whenever they "serve the interest of justice." Triestman v. United States, 124 F.2d 361 (2d Cir. 1997) (holding that the saving's clause applies in cases in which the prisoner cannot, for whatever reason, utilize § 2255, and which the failure to allow for collateral review would raise serious constitutional concerns," or else in those extraordinary circumstances where justice demands it."); In re Dusainvil, 119 F.3d 24 (3d Cir. 1997) (saving's clause applies in the "unusual circumstances" where denial of a further petition would result in a complete miscarriage of justice).

Other circuits require some intervening change in the law affecting the validity of the petitioner's sentence. Brooks v. United States, 2002 U.S.App.LEXIS 5162 (6th Cir. March 21, 2002) (under the holding of Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999), a petitioner seeking redress under the saving's clause may

"cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of the crime. In re Jones, 226 F.3d 328 (4th Cir. 2000) (petitioner may challenge validity of his sentence under the saving's clause when, subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal.)

Here, while there has not been an intervening change in statutory law or Supreme Court case affecting the legality of the petitioner's sentence, there has been a fundamental change in the United States Sentencing Guidelines concerning the district court's authority to adjust a prisoner's sentence for "related conduct"

In this case, it is asserted that this Court may, based on the decision in Little v. United States, 2002 WL 1424581 (D.Mass. 2002), proceed with the adjudication of the Guideline Amendment, and the question of retroactivity. Whether retroactivity would still be an issue under this section is also questionable. It is respectfully asserted that this Court may grant the petitioner's motion, and issue an Order for resentencing based on the November 3, 2003 Amendment.

---

4/ By virtue of 18 U.S.C. § 3585 (Calculation of Term of Imprisonment), the B.O.P cannot credit me with this time; See, 18 USC § 3585(b)(2): "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official custody prior to the date the sentence commences...(2) as a result of any other charge for which the defendant was arrested after the commission of the federal offenses, that has not been credited against another sentence."
As such, a modification of the instant sentence must be accomplished by resentencing the petitioner.

CONCLUSION

For the reasons asserted herein, the petitioner requests that this Court adjust the instant Federal term of imprisonment by 4 years to reflect the time which was spent in State custody, from August 26, 1991, through June 20, 1995.

Respectfully,

Bruce Gunn
Pro Se

To: Michael Sullivan
    AUSA District of Massachusetts