UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11478-RGS

BRUCE GUNN

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S MOTION
FOR A REDUCTION IN SENTENCE

August 5, 2005

STEARNS, D.J.

Petitioner Bruce Gunn was sentenced by the district court (Mazzone, J.) on August 25, 1993, to a term of 235 months after being convicted by a jury of a violation of 18 U.S.C. § 922(g)(1) (felon-in-possession of a firearm). Gunn's sentence was enhanced by the determination that he was an Armed Career Criminal. The sentence was to be served consecutively to a two to four year sentence imposed by the New Hampshire Superior Court on June 5, 1992, after Gunn pled guilty to a drug law violation (the sale of an ounce of cocaine to an undercover New Hampshire state trooper on December 28, 1990). At the time of the New Hampshire guilty plea, Gunn was serving a one-year sentence in Massachusetts, also for a drug law violation (the sale of an ounce of cocaine to an undercover Massachusetts state trooper on February 21, 1991).[1] On February 28, 1991, Massachusetts State Police executed a search warrant at Gunn's apartment in Beverly.

---

[1] It is not altogether clear from the record, but to the extent that the sentences overlapped they were served concurrently.

The search resulted in the seizure of a semi-automatic pistol, which served as the basis for the federal felon-in-possession indictment. On June 20, 1995, Gunn completed the New Hampshire sentence and was taken into federal custody to begin serving the federal sentence. Before the court is a motion brought by Gunn pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction in his federal sentence. Essentially, Gunn argues that he should be credited with the four years he spent in state custody in Massachusetts and New Hampshire prior to commencing the federal sentence.[2] Section 3582(c)(2) provides:

> (c) **Modification of an imposed term of imprisonment** – The court may not modify a term of imprisonment once it has been imposed except that –
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The effect of this section is to permit retroactive application of certain amendments to the Sentencing Guidelines that lower the sentencing range used by the district court to fashion an earlier sentence. Gunn argues that a November 1, 2003 amendment to the Guidelines (Amendment 660) entitles him to a retroactive reduction of his sentence.

---

[2]More accurately, the issue is not "credit" against that the present sentence, but a downward departure at a resentencing taking into account the time served on the discharged state sentences.

Any retroactive reduction of a sentence under the statute must be "consistent with the applicable policy statements issued by the Sentencing Commission." The policy statement on retroactive reduction of sentences appears at U.S.S.G. § 1B1.10. It provides in relevant part:

> (a) Where a defendant is serving a term of imprisonment, and the guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection(c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> . . .
>
> (c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657.[3]

As is apparent, Amendment 660 is *not* covered by the policy statement and therefore cannot serve as legal basis for a reduction of Gunn's sentence.

In the alternative, Gunn argues that United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996), which refers to "a solid line of cases in this Circuit holding that Guideline amendments are applied retroactively if they clarify a Guideline but are not so applied if they substantially change a Guideline," should be applied to give Amendment 660 retroactive effect. Gunn argues that Amendment 660 is a "clarifying" amendment within the meaning of Sanchez and therefore eligible for retroactive application.[4]

---

[3] These are the covered Amendments as of November 1, 2004.

[4] The Sanchez rule is by no means universally accepted. Many Circuits follow "the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)." United States v. Armstrong, 347

Amendment 660 amended U.S.S.G. § 5G1.3 with respect to the sentencing of a defendant serving an undischarged sentence. It reads in relevant part:

> (b)  If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> > (1)  the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> >
> > (2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c)  (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

The Amendment also created a new downward departure, U.S.S.G. § 5K2.23, addressing discharged sentences. It reads as follows:[5]

**Discharged Terms of Imprisonment (Policy Statement)**

---

F.3d 905, 909 (11th Cir. 2003) (citing cases in accord from the Second, Third, Fifth, Sixth, Eighth, and Tenth Circuits and noting that some Circuits go further in holding that clarifying amendments are no exception to this rule).

[5]The Policy Statement was amended in 2004 (Amendment 674) by substituting "downward departure" in the first sentence for "sentence below the applicable guideline range." The change is not material to any issue raised by the petition.

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

It is under this provision that Gunn seeks relief. There are, however, two obstacles that cannot be surmounted. First, the creation of an entirely new departure permitting what was not previously allowed – an adjusting credit for a discharged sentence – is a substantive change and not a clarification "of how the Sentencing Commission originally envisioned application of the relevant guideline." Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998). See United States v. Cabrera-Polo, 376 F.3d 29, 32 (1st Cir. 2004). Second, Gunn does not qualify under proviso (2) of § 5K2.23, which through § 5G1.3 directs the court to the relevant conduct provisions of U.S.S.G. § 1B1.3. The offense level of the firearms charge on which Gunn was sentenced was not enhanced by any of the pertinent relevant conduct considerations, but rather because of Gunn's prior violent felony and serious drug convictions.[6] The Armed Career Criminal enhancement, on the other hand, reflects a statutory 180-month mandatory minimum sentence dictated by 18 U.S.C. § 924(e), which in effect trumped the guidelines sentence.[7] The additional 55 months of

---

[6] The presentence report as adopted by the court rejected the enhancement sought by the government for possession of a firearm in connection with a controlled substance offense as the jury had acquitted Gunn of that charge.

[7] Gunn's argument that "but for" the state narcotics investigation the firearm that led to the federal charge would not have been discovered is probably true, but of no relevance to the required analysis.

Gunn's federal sentence is explained not by relevant conduct, but by his Criminal History Category of VI.

## ORDER

For the foregoing reasons, the motion for a reduction in sentence is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE