UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

BRUCE GUNN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

COA No. 05-2519
Civ. No. 04-11478-RGS

NOTICE OF APPEAL/REQUEST TO
PROCEED IN FORMA PAUPERIS

    COMES NOW, Bruce Gunn, the petitioner in the above matter, hereby appeals to the United States Court of Appeals for the First Circuit, a denial by the United States District Court, District of Massachusetts (Stearn, J.); and denial for a Certificate of Appealability, in relation to a peition a petition made pursuant to 18 U.S.C. § 3582(c)(2) (September 29, 2005, Order Enclosed); and requests that this Court issue a Certificate of Appealability, and to allow the petitioner to proceed without prepayment of the filing fee based on his indigency (See Attached Affidavit); upon the following grounds:

    (1) Whether jurists of reason could debate whether the district court's failure to construe the petitioner's request for relief liberally, in contravention of the Supreme Court's decision in Haines v. Kerner, 404 U.S. 519 (1962) (per curiam); by not utilizing 28 U.S.C. § 2241 "saving's clause" as a basis for relief, when the petitioner is clearly entitled to relief?

    (2) Whether jurists of reason could debate whether the First Circuit may hold a "clarifying" Amendment to the United States Sentencing Guidelines, retroactive, even where it is not listed in U.S.S.G. § 1B1.10; where in this case, the petitioner

is being deprived of his liberty interest?

(3) Whether jurists of reason could debate whether this matter should be fully briefed, in that the petitioner asserted that the district court had the authority to grant a downward departure pursuant to the clarifying change to the Guidelines (USSG § 5K2.23) because the underlying Federal offense (Possession of a Firearm by a convicted felon under ACCA), was based on the same weapon for which the petitioner previously served 2 and one half years within a State Corrections' Facility; and that as a result of 18 U.S.C. § 3585(b), the Bureau of Prisons will not credit the petitioner for that time spent in State custody, and which issue was _fully_ exhausted prior to the instant filing?

The petitioner will, upon direction, file a brief in conformity with this Court's relevant rules in relation to this matter.

Respectfully,

*Bruce Gunn*
Bruce Gunn

October 19, 2005

cc. District Court;
    AUSA

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

BRUCE GUNN,

V.

UNITED STATES,

COA No. 05-2619
Civ. No. 04-11478(RGS)

AFFIRMATION OF INDIGENCY

Bruce Gunn, affirms under the penalties of perjury:

1. That I am the petitioner in the above matter, and that I wish to proceed to the United States Court of Appeals for the First Circuit, following the district court's denial of a motion made pursuant to 18 USC § 3582(c)(2); or 28 USC § 2241 on September 29, 2005.

2. That I am indigent and cannot afford to pay the filing fee necessary to prosecute this appeal. I own no real property, nor have any assets in which to use to pay the filing fee in this matter; nor does any other person possess a proprietary interest in the outcome of the proceeding; and that I believe that the appeal would be meritorious if granted leave to proceed.

Respectfully,

*Bruce Gunn*
Bruce Gunn

October 19, 2005

3

AFFIRMATION OF SERVICE

Bruce Gunn, affirms under the penalties of perjury; that I have caused to be mailed, first class mail, copies of the enclosed Notice of Appeal, and Informa Pauperis request to be sent to the following parties in this matter:

United States District Court
District of Massachusetts
1 Courthouse Way
Suite 2500
Boston Massachusetts
02210

United States Coyrt of Appeals
For the First Circuit
1 Courthouse Way
Suite 2500 Boston, MA
02210

United States Attorney
David Tobin, Esquire

respectfully,

*Bruce Gunn*
Bruce Gunn